UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN COLE, ROBERT McCLAIN and all others situated under 29 U.S.C. 216(B) §§§§<br><br>Plaintiffs, §<br>v. §<br>§<br>GREENVILLE CHR, LLC, d.b.a. §<br>GREENVILLE JEEP, d.b.a. §<br>GREENVILLE DODGE, d.b.a. §<br>CHREENVILLE CHRYSLER §<br>DODGE JEEP RAM, d.b.a. §<br>GREENVILLE CHRYSLER CASH §<br>CORRAL, d.b.a. GREENVILE §<br>CHRYSLER<br><br>Defendants. | Civil Action No:3:16-cv-1045 |

<u>COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS</u>

Plaintiffs, JOHN COLE and ROBERT McCLAIN, on behalf of each and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendant GREENVILLE CHR, LLC and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs are residents of Hunt County, Texas at the time that this dispute arose.

3. The Defendant, GREENVILLE CHR, LLC ("Defendant Company") are companies that regularly transact business within Hunt County, and may be served at its usual place of business at 5401 Interstate 30 Greenville, Texas 75402 or wherever found. Further, based on research on the Texas Secretary of State, GREENVILLE CHR, LLC is a Texas Limited Liability Company

and may be served through its registered agent, CT CORPORATION, at 1999 Bryan Street Suite 900 Dallas, Texas 75201-3136. Upon information and belief, Defendant Companies were the FLSA employer for Plaintiffs' respective periods of employment ("the relevant time period").

4.  The Defendant Companies were responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5.  All acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6.  This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8.  29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate."

9. Plaintiff, JOHN COLE, worked for Defendant as a driver from on or about two (2) years prior to March 23, 2016 to the present date.

10. Plaintiff, ROBERT McCLAIN, worked for Defendant as a driver from on or about two (2) years prior to March 23, 2016 to the present date.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs transported on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent and contemporaneously with Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendant that the Fair Labor Standards Act applied to Plaintiffs' work for the Defendants.

12. Upon information and belief, the Defendant Companies had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, and 2015.

13. Upon information and belief, the Defendant Companies are expected to have gross sales or business in excess of $500,000 annually for the year 2016.

14. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15.     From on or about two (2) years prior to March 23, 2016 through on or about March 23, 2016, Plaintiff JOHN COLE worked between 50 to 60 hours per week and was paid an average of $8.50 per hour, but was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act.  Plaintiff JOHN COLE therefore claims the half time overtime rate for each overtime hour worked above 40 hours in a work week.

16.     From on or about two (2) years prior to March 23, 2016 through on or about March 23, 2016, Plaintiff ROBERT McCLAIN worked between 50 to 65 hours per week and was paid an average of $8.50 per hour, but was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act.  Plaintiff ROBERT McCLAIN therefore claims the half time overtime rate for each overtime hour worked above 40 hours in a work week.

17.     Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Furthermore, upon information and belief, Defendants knowing underreported hours worked by Plaintiff to the Department of Labor. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

   WHEREFORE, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be

proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiffs requests a trial by jury.

        Respectfully submitted,

        THE COUNCIL LAW FIRM, PLLC
        2615 Lee Street
        PO BOX 11
        Greenville, Texas 75403-0011
        (903) 455-1991 office
        (903) 455-1417 fax

By: _/s/ D. Shawn Council_
D. Shawn Council
State Bar No. 24078374
scouncil@councilfirm.com

Jason A. Duff, of Counsel
SBN: 24059696
2615 Lee Street
PO BOX 11
Greenville, Texas 75403-0011
(903) 455-1991 office
(903) 455-1417 fax
jasonaduff@hotmail.com

COUNSEL FOR PLAINTIFFS